
JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NORA LUGO AND HECTOR LABOY,

                  Plaintiffs,

-against-

CITY OF NEW YORK and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                  Defendants.

-----------------------------------------------------------------X

08 CV COMPLAINT 7083

Index No.

Jury Trial Demanded

RECEIVED AUG 08 2008 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiffs NORA LUGO and HECTOR LABOY, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs NORA LUGO and HECTOR LABOY, mother and son, respectively, are citizens of the United States, and at all relevant times, residents of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOES 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On October 6, 2007, at approximately 11:00 p.m., plaintiffs NORA LUGO and HECTOR LABOY were lawfully present inside 23rd Street and the Hudson River, between Piers 59 and 60, in Manhattan.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without justification assaulted, battered and beat plaintiff HECTOR LABOY by grabbing him, forcefully throwing him to the ground, and by striking plaintiff about his back and ribs. The officers thereafter placed intentionally over tightened handcuffs on LABOY, as well as leg shackles. The defendants lifted LABOY off of the ground by the handcuffs, causing pain and injury to his shoulder.

15. The defendants thereafter forcefully escorted LABOY out of the building in police custody. Shortly thereafter, plaintiff LUGO inquired of the defendants as to the reason for LABOY'S arrest. The officers told Mrs. Lugo to be quiet, and then one of the officers pushed Mrs. Lugo, without any justification, causing her to fall to the ground. Mrs. Lugo, who sustained a broken wrist, was tightly handcuffed behind her back, despite her cries of pain to her wrist. She was thereafter released from custody without being charged with the commission of any purported crime.

16. LABOY, who was nearby in handcuffs and shackles when this occurred, asked the officers what they did to his mother, at which time one of the defendants

3

intentionally slammed LABOY'S head and face into a motor vehicle. LABOY was thereafter intentionally confined by the defendants, despite the absence of any probable cause, until he was released after an arraignment in New York County Criminal Court at approximately 8:00 p.m. on October 7, 2007, at which time he was directed to return to court to defend purported criminal charges. The purported criminal charges were conveyed to the New York County District Attorney's Office for the purpose of initiating a prosecution against plaintiff HECTOR LABOY and covering up the aforementioned physical abuse of both plaintiffs. Plaintiff LABOY was compelled by the defendants to defend the baseless charges until the charges were dismissed and sealed on or about May 27, 2008.

17. All of the above occurred while NYPD officers failed to intervene in the illegal conduct described herein.

18. As a result of the foregoing, plaintiffs NORA LUGO and HECTOR LABOY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, anxiety, mental anguish, deprivation of their liberty, violation of constitutional rights, and special damages.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights under 42 U.S.C. § 1983)

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" with the same force and effect as if fully set forth herein.

20. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

21. All of the aforementioned acts deprived plaintiffs NORA LUGO and HECTOR

LABOY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs NORA LUGO and HECTOR LABOY's constitutional rights.

27. As a result of the aforementioned conduct of defendants, plaintiffs NORA LUGO and HECTOR LABOY's constitutional right to be free from excessive force was violated and they sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

28.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     Defendants had an affirmative duty to intervene on behalf of plaintiffs NORA LUGO and HECTOR LABOY, whose constitutional rights were being violated in their presence by other officers.

30.     The defendants failed to intervene to prevent the unlawful conduct described herein.

31.     As a result of the foregoing, plaintiffs NORA LUGO and HECTOR LABOY's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

32.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The defendants unlawfully imprisoned and arrested plaintiffs NORA LUGO and HECTOR LABOY against their will and in the absence of probable cause or privilege.

34.     As a result of the foregoing, plaintiffs NORA LUGO and HECTOR LABOY were handcuffed and otherwise deprived of their right to be free from false arrest.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

35.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The supervisory defendants personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants initiated, commenced and continued a malicious prosecution against plaintiff HECTOR LABOY by providing false and/or misleading information to the New York County District Attorney's office that resulted in criminal charges being levied against Mr. Laboy.

39. The aforesaid prosecution terminated in favor of plaintiff HECTOR LABOY when it was dismissed and sealed on or about May 27, 2008.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

40. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

42. As a result of the foregoing, plaintiffs NORA LUGO and HECTOR LABOY were deprived of their liberty and right to substantive due process, causing severe and permanent

7

emotional and physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

43.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against innocent citizens, and then making false and/or misleading statements in an effort to cover up said misconduct pursuant to a "blue wall of silence." In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of plaintiffs NORA LUGO and HECTOR LABOY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs NORA LUGO and HECTOR LABOY.

47.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate

8

cause of the constitutional violations suffered by plaintiffs NORA LUGO and HECTOR LABOY as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs NORA LUGO and HECTOR LABOY as alleged herein.

49. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs NORA LUGO and HECTOR LABOY were unlawfully battered and detained, and LABOY was incarcerated and thereafter prosecuted.

50. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs NORA LUGO and HECTOR LABOY'S constitutional rights.

51. All of the foregoing acts by defendants, defendants deprived plaintiffs NORA LUGO and HECTOR LABOY of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from malicious abuse of process;

      C.    To be free from false arrest;

      D.    To be free from malicious prosecution;

      E.    To receive equal protection under law; and

      F.    To be free from the use of excessive force and/or the failure to intervene..

52. As a result of the foregoing, plaintiffs NORA LUGO and HECTOR LABOY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

54. Within ninety (90) days after the claim herein accrued, plaintiffs NORA LUGO and HECTOR LABOY duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

55. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

56. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

57. Plaintiffs NORA LUGO and HECTOR LABOY have complied with all conditions precedent to maintaining the instant action.

58. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

10

60. As a result of the foregoing, plaintiffs NORA LUGO and HECTOR LABOY were placed in apprehension of imminent harmful and offensive bodily contact.

61. As a result of defendants' conduct, plaintiffs NORA LUGO and HECTOR LABOY have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

62. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants made offensive contact with plaintiffs without privilege or consent.

64. As a result of defendants' conduct, plaintiffs NORA LUGO and HECTOR LABOY have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

65. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants arrested plaintiffs NORA LUGO and HECTOR LABOY without probable cause.

67. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

68. As a result of the aforementioned conduct, plaintiffs NORA LUGO and HECTOR LABOY were unlawfully imprisoned in violation of the laws of the State of New York.

69.  As a result of the aforementioned conduct, plaintiffs NORA LUGO and HECTOR LABOY suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Prosecution under laws of the State of New York)

70.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.  Defendants initiated, commenced, and continued criminal proceedings against plaintiffs by falsely reporting the events of October 6, 2007, to the New York County District Attorney's Office.

72.  Defendants caused plaintiff HECTOR LABOY to be prosecuted on criminal charges without any probable cause until the charges were dismissed on or about May 27, 2008.

73.  As a result of the aforementioned conduct, plaintiffs HECTOR LABOY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

74.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.  Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs NORA LUGO and HECTOR LABOY.

76.   Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

77.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs NORA LUGO and HECTOR LABOY.

### AS AND FOR AN FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

79.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.   Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

81.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.   Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein.

83.     As a result of the foregoing, NORA LUGO and HECTOR LABOY are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

84.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

86.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

87.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

88.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs NORA LUGO and HECTOR LABOY.

89.     As a result of the aforementioned conduct, plaintiffs NORA LUGO and HECTOR LABOY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, plaintiffs NORA LUGO and HECTOR LABOY demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
August 4, 2008

                                             LEVENTHAL & KLEIN, LLP
                                             45 Main Street, Suite 230
                                             Brooklyn, New York 11201
                                             (718) 722-4100

                                             By: _____
                                                  BRETT H. KLEIN

                                             Attorneys for Plaintiffs NORA LUGO and
                                             HECTOR LABOY